UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELIZABETH ZACHARY                  CIVIL ACTION

VERSUS

WARDEN, LOUISIANA CORRECTIONAL        NO. 12-0603-JJB-RLB
INSTITUTE FOR WOMEN

## NOTICE

       Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

       In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

       ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

       Signed in Baton Rouge, Louisiana, on May 28, 2014.

                                      RICHARD L. BOURGEOIS, JR.
                                      UNITED STATES MAGISTRATE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ELIZABETH ZACHARY                                   CIVIL ACTION

VERSUS

WARDEN, LOUISIANA CORRECTIONAL           NO. 12-0603-JJB-RLB
INSTITUTE FOR WOMEN

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's Motion to Re-Open Case (Rec. Doc. 20), which the Court interprets to be a Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. This Motion has been referred to the undersigned Magistrate Judge for a Report and Recommendation. *See* Rec. Doc. 21.

On or about September 17, 2012, the *pro se* petitioner, an inmate previously confined at the Louisiana Correctional Institute for Women ("LCIW"), St. Gabriel, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking her 1998 criminal conviction and sentence, as enhanced by a multiple offender adjudication, entered in the Twenty-Third Judicial District Court for the Parish of Ascension, State of Louisiana, on one count of obstruction of justice.[1] When the petitioner initially filed her habeas corpus application in this

---

1. In her application, the petitioner asserts the claims that (1) the trial court erred in allowing the State to amend the indictment after appeal, (2) the trial court erred in charging and sentencing her under La. R.S. 14:130.1(B)(1), (3) her constitutional rights were violated when the trial court relied upon facts not found by the jury in imposing sentence, (4) her constitutional rights were violated when her attorney prevented her from testifying at trial, (5) the trial court erred when it re-opened the petitioner's habitual offender proceedings after the imposition of sentence, (6) her constitutional rights were violated because the indictment was defective, (7) her

Court, she was confined at LCIW, and she provided the Court with the address of that institution as her record address. Approximately one month later, on or about October 11, 2012, she was transferred to a work release facility in Lake Charles, Louisiana (the St. Martin de Porres Residential Center), and she apprised the Court of her change of address by sending written correspondence to the Court at that time. *See* Rec. Doc. 6. Notwithstanding, the petitioner filed no further notices or pleadings, and when the Court thereafter entered a Notice on February 21, 2013 (Rec. Doc. 14), advising the petitioner of the re-assignment of this case from Magistrate Judge Docia L. Dalby to Magistrate Judge Richard L. Bourgeois, the service copy of the referenced Notice was returned to the Court with a notation on the returned envelope indicating that the petitioner could not be served at the address provided. *See* Rec. Doc. 15. Thereafter, upon the petitioner's failure to advise the Court of a new record address within thirty (30) days, the Court entered a Ruling and Judgment of Dismissal on April 16, 2013 (Rec. Docs. 16 and 17), dismissing the above-captioned proceeding, without prejudice, as a result of the petitioner's failure to keep the Court apprised of a current address in accordance with Local Rule 41.2 of this Court. That Local Rule specifically provides that the failure of a *pro se* litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice or pleading has been returned to the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days.

In accordance with the referenced Local Rule, the Judgment of Dismissal specifically advised the petitioner that, "on motion filed within thirty (30) days and upon a showing of good cause, this action may be reinstated on the Court's Docket." *Id.* Notwithstanding, the petitioner

---

constitutional rights were violated when the state attorney general's office was allowed to intervene in the case, and (8) she was provided with ineffective assistance of counsel.

did not file a Motion to Reinstate this proceeding within the time allowed. Moreover, the referenced Ruling and Judgment of Dismissal, forwarded to the petitioner at her then-record address, were also returned to the Court as undeliverable. *See* Rec. Docs. 18 and 19.

Now, in the instant Motion to Re-Open Case, which was filed with the Court on or about January 2, 2014, more than eight months after the dismissal of this proceeding and more than one month after the petitioner asserts that she learned of such dismissal, the petitioner contends that she should not be penalized for her failure to keep the Court formally apprised of a current address. She asserts that she in fact contacted the Clerk's Office by telephone in March, 2013, to advise that she had been released from confinement and to advise of her relocation to a new address in Shreveport, Louisiana. She further asserts that she was assured at that time by an employee in the Clerk's Office that "her new contact information had been updated" in the Court's records. *See* Rec. Doc. 20-1 at p. 1. She asserts, therefore, that it is not her fault that she did not receive a copy of the Judgment of Dismissal entered on April 16, 2013, and she represents to the Court that she did not become aware that this proceeding had been dismissed until she again contacted the Court by telephone in November, 2013, to again advise of a change of address, at which time she was allegedly informed that the action had been dismissed. According to the petitioner, she was also then informed by the Clerk's Office, for the first time, that her earlier telephonic communication of an address change in March, 2013, had not been effective and that "written, faxed or e-mailed changes are required" by the Clerk's Office. *See id.* at p. 3. The question for this Court, therefore, is whether this recitation of facts by the petitioner is sufficient to warrant a reinstatement of this case on the Court's Docket.

Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud,

misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. Rule 60(c)(1) further provides that a motion brought pursuant to Rule 60(b) "must be made within a reasonable time."[2] In the instant case, the petitioner's motion arguably seeks relief pursuant to Subsection (b)(1) of Rule 60, which allows for relief from a judgment for the reason of "excusable neglect." The term "excusable neglect," however, is neither open-ended nor without limitation: "Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law." 11 Wright & Miller, *Federal Practice and Procedure*, § 2858, at p. 170. *See also Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir. 1985). In addition, Rule 60(b) is recognized as affording "extraordinary relief," which implicitly includes "the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Service*, *supra, and cases cited therein*. Accordingly, the petitioner's assertion that her neglect was excusable must be carefully analyzed and evaluated.

Applying the foregoing standard, the Court finds that the petitioner has not established excusable neglect in the instant case or unusual or unique circumstances justifying the relief requested. After the filing of her initial habeas corpus application in September, 2012, she notified the Court in October, 2012, approximately one month later, *in writing*, that she had been transferred to another facility, and she thus provided the Court with a new record address. As a result, subsequent electronic Notices issued by the Court, on October 18, November 13, 14, and 19, and December 3 and 13, 2012, respectively (Rec. Docs. 7 - 13), were sent to the petitioner at

---

2. The Rule further provides that motions filed pursuant to Rule 60(b) (1), (2) and (3) must be brought within one year of the entry of Judgment.

her new address. The petitioner admits, however, that she was thereafter transferred to a different facility on December 12, 2012, and she makes no assertion that she made any attempt to notify the Court of her new address at that time, either in writing or by telephone. The petitioner further admits that she was again transferred to a different facility on January 13, 2013, and she again does not assert that she made any attempt to notify the Court of a new address. Thus, for a period of approximately three (3) months, until her release in March, 2013, the petitioner was admittedly not in compliance with Local Rule 11.1 of this Court, which states that "each ... *pro se* litigant has a continuing obligation to apprize [the] Court of any address change."

On February 21, 2013, approximately two months after the petitioner's transfer from the location which she had provided as her record address, the Court issued a Notice (Rec. Doc. 14), advising the parties of the re-assignment of this proceeding to Magistrate Judge Richard L. Bourgeois. Because the petitioner had failed to formally provide the Court with her new address[es], this Notice was forwarded to the petitioner at her previous record address and was subsequently returned to the Court as undeliverable.

Although the petitioner asserts that she contacted the Clerk's Office by telephone upon her release from confinement in March, 2013, and was verbally informed at that time that a new record address – which she was then providing – would be updated in the Court's records, this is not reflected in the record, and the Court does not find the petitioner's conclusory assertion to be sufficient to support the relief requested. In the first place, the petitioner has not presented this assertion in the form of an affidavit or a sworn statement given under penalty of perjury. *See* 28 U.S.C. § 1746. Nor has the petitioner provided the Court with any documentary evidence to corroborate her conclusory assertion, such as for example, telephone records reflecting one or

more long distance calls made by her from her new address in Shreveport to Baton Rouge, Louisiana, in or around March, 2013. Further, her assertion of purported diligence in advising the Court verbally of her new address upon release in March, 2013, is substantially belied by the fact that she exhibited *actual* diligence and awareness in October, 2012, when she advised the Court in writing of an address change, and also by her exhibition of a clear lack of diligence in December, 2012 and January, 2013, respectively, when she notably failed to advise the Court, either orally or in writing, of two admitted subsequent changes of address at those times. In fact, had she advised the Court of those intervening address changes, the Court's Notice sent to her record address in February, 2013, would not have been sent to an incorrect address and would not have engendered the instant dismissal.[3]

Finally, the Court notes that the petitioner's failure to take any action to inquire about the status of her case for eight months, between her release in March 2013, and her subsequent change of address in November, 2013, does not lend support to her claim of due diligence. S*ee Pryor v. U.S. Postal Service*, *supra*, 769 F.2d at 287 (recognizing that a litigant has a duty to diligently inquire about the status of a case). Nor does her delay of more than a month after learning of the dismissal of her case before she filed the instant Motion – which delay is also relevant to a determination whether she has filed the instant Motion within a "reasonable time" as mandated by Rule 60(c). *See id.* at 287-88 (noting as relevant the existence of delays between the ascertainment of pertinent facts and the filing of a Rule 60 motion). Nor does her failure, up

---

3. The Court notes that the petitioner has apparently obtained a paralegal degree, *see State v. Zachary*, 995 So.2d 631, 634 (La. 2008), and so may be presumed to have a familiarity with legal filing requirements and with the need to comply with the Local Rules of the Court.

to the present date, to have ever submitted a formal written notice of change of address after having admittedly been advised of the need to do so by the Clerk's Office in November, 2013.

Accordingly, the Court does not find that the petitioner has shown that there are compelling or extraordinary circumstances which warrant the granting of Rule 60 relief in this case or that she has made the "necessary showing that there are unique or sufficiently unusual circumstances that justify the relief sought." *See id.* at 288 n. 5. The instant Motion for Relief From Judgment, therefore, should be denied.

## Certificate of Appealability

Pursuant to statute, an appeal may not be taken to the federal court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal, this Court may nonetheless address whether she would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

## RECOMMENDATION

It is recommended that the petitioner's Motion to Re-Open Case (Rec. Doc. 20) be denied. It is further recommended that in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on May 28, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE